### 158

| State of Rhode Island | |
| vs. | Ind.No.9537 |
| John A. Brennan and | |
| Pincus Uffer et al | |

April 29, 1918

SWEENEY, J. Heard on State's demurrers to defendants' pleas to the jurisdiction and pleas in abatement.

The indictment charges the receiving of stolen goods, namely, 502 yards of cloth of the value of $1.50

per yard, making the total value of the goods so received $753.

Two of the defendants have filed separate pleas to the jurisdiction and pleas in abatement, each plea alleging in substance that the value of the cloth mentioned in the indictment is less than $500 and that the offence should have been prosecuted by complaint and warrant in the District Court and not by indictment brought in this court.

"Unless otherwise specially provided, all fines of five hundred dollars and under shall be recovered by complaint and warrant; all fines of upwards of five hundred dollars, by indictment."

Gen. Laws, Chap. 357, Sec. 1.

"All fines, penalties and forfeitures of money or property, of five hundred dollars and under, shall be prosecuted before a district court; if upwards of five hundred dollars in amount or value, before the Superior Court, unless otherwise specially provided."

Gen. Laws, Chap. 357, Sec. 4.

These sections only relate to fines and not to cases where the sentence may be imprisonment or both fine and imprisonment. The defendants also cite the case of State vs. Heffernan, 26 R. I. 477. In this case the punishment for violation of the statute was a fine of $50 and the Supreme Court held that the offence charged was an offence within the jurisdiction of the District Court and was not an offence within the original jurisdiction of the Supreme Court.

The penalty provided for the offence for which the defendants are indicted is found in Section 10 of Chap. 1258 of the Public Laws of 1915, known as Sec. 18, which provides, among other things, that any person convicted of the offence of the receiving of stolen goods, "if the value of the property or money stolen . . . exceed $500, shall be punished by imprisonment of not more than five years or by a fine of not more than $1000, or both; or if the value of such property stolen does not exceed $500, such person shall be punished by imprisonment for not more than one year or by a fine of not more than $500, or by both."

The jurisdiction of the Court is as a general rule to be determined by the plaintiff without regard to the amount found due by the Court or jury. If the plaintiff has brought his case within the jurisdictional limits in respect thereto, the case will not be dismissed because he fails to establish the amount claimed; but the Court may adjudicate the subject matter and a judgment for a less sum than that required to give jurisdiction may be given, unless it appears that the plaintiff in stating his demand improperly sought to give jurisdiction where it did not rightfully belong.

11 Cyc. 775.

In the case of Edwards vs. Hopkins, 51 R. I. 138, this proposition is supported by the opinion of the Court.

This is also the practice in the Federal Courts where the plaintiff must allege in his declaration that the amount in controversy is more than $3000 in order to give the Court jurisdiction.

In an indictment for larceny the value of the goods stolen should be alleged to indicate the degree of criminality and consequent punishment.

3 Bishop's New Criminal Procedure, Sec. 713.

Sec. 11 of Chap. 1261 of the Public Laws, passed at the January Session, 1915, page 221, provides that whenever a person is tried upon indictment of the whole offence, but shall be satisfied that he is guilty of so much thereof as shall substantially amount to an offence of a lower

nature, the Court or jury may find him guilty of such lower offence and the Court shall proceed to sentence such person for the offence of which he shall be so found guilty, notwithstanding that such court had not otherwise jurisdiction of such offence.

In order that justice may be done to the defendants the jury may find the value of the goods stolen, if necessary, in order that the Court may impose the proper sentence on the defendants according to the value of the goods stolen.

The demurrers to the pleas to the jurisdiction and the pleas in abatement are each sustained.

For the State: Antonio A. Capotosti, 2nd Assistant Attorney General.

For Defendants: Bellin & Bellin.